UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  **2:22-cv-04150-FLA (MAA)** | Date:  **July 13, 2022** |
| Title:  **Lawrence Gene Kirkley v. Daniel P. Barer et al.** | |

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why Lawsuit Is Not Time-Barred (ECF No. 1)

On May 23, 2022, Plaintiff Lawrence Gene Kirkley ("Plaintiff"), a California state inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Daniel P. Barer, an attorney; the unnamed CEO of Rancho Los Amigos Hospital; and Dr. Libby Wilson, a surgeon.  (Compl. 2, ECF No. 1).  Plaintiff asserts that on approximately March 3, 1994, he had undergone years of surgical operations by Dr. Wilson, and that his right to be free from cruel and unusual punishments was violated.  (*Id*. at 3.)

The Court is required to conduct a preliminary screening of any civil action brought by a prisoner, or in which a plaintiff proceeds *in forma pauperis*, and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).  A court may *sua sponte* dismiss a complaint as untimely, so long as the defendant has not waived the defense, *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993), and "only when the running of the statute is apparent on the face of the complaint," *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks omitted) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

As Section 1983 does not contain its own statute of limitations, courts look to the limitations period of the forum state's statute of limitations for personal injury torts.  *See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003).  California's statute of limitations for personal injury actions is two years.  Cal. Code Civ. P. § 335.1.  Thus, the statute of limitations for Plaintiff's Section 1983 claims is two years.  *See Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004).  It is federal law, however, that determines when a cause of action accrues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  **2:22-cv-04150-FLA (MAA)**                              Date:  **July 13, 2022**

Title:     **Lawrence Gene Kirkley v. Daniel P. Barer et al.**

and the statute of limitations begins to run in a Section 1983 action.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).

In actions where the federal court borrows the state statute of limitations, the court also borrows all applicable provisions for tolling the limitations period found in state law.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith."  *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation marks and citation omitted).

Here, the Complaint asserts claims arising from years of surgical operations, culminating on March 3, 1994—over twenty-eight years before this lawsuit was filed on June 16, 2022.  From the face of the Complaint, it appears that the statute of limitations for Plaintiff's claims have expired, and the Complaint does not indicate any basis for tolling the statute of limitations.

Absent further evidence, the Complaint appears to be barred as untimely.  Plaintiff is **ORDERED TO SHOW CAUSE** in writing by no later than **August 12, 2022** why the Court should not recommend dismissal of this action as barred by the statute of limitations.  After the Court receives Plaintiff's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge.  This Order to Show Cause is not dispositive of Plaintiff's claims.

Instead of filing a response to the Order to Show Cause, Plaintiff may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a), particularly as a complaint dismissed for failure to state a claim without leave to amend may count as a "strike" for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915(g).[1]  A Notice of Dismissal Form is attached.

---

[1] Inmates who have accumulated three of more "strikes" are not permitted to bring a civil lawsuit or appeal a judgment in a civil action *in forma pauperis*—that is, without prepayment of the filing fee—unless the inmate is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Instead, inmates with three or more "strikes" generally must pay their full filing fee upfront in order to file a civil lawsuit or appeal a civil judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  **2:22-cv-04150-FLA (MAA)**                                             Date:  **July 13, 2022**

Title:      **Lawrence Gene Kirkley v. Daniel P. Barer et al.**

    **Plaintiff is cautioned that failure to respond to this Order may result in a recommendation that the Complaint be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See* C.D. Cal. L.R. 41-1.**

    It is so ordered.

<u>Attachment</u>
Notice of Dismissal Form